IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>CLIFTON GREEN,<br><br>*Debtor*.<br><br>CLIFTON GREEN,<br><br>*Plaintiff*,<br><br>v.<br><br>THE HEALTHCARE AUTHORITY OF THE CITY OF HUNTSVILLE, *et al.*,<br><br>*Defendants*. | Bankruptcy No. 20-81181-CRJ-7<br><br><br><br>Adversary No. 21-80105-CRJ |

## MEDICREDIT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Comes now Medicredit, Inc. ("Medicredit") and respectfully states as follows as and for its *Answer and Affirmative Defenses* to the Complaint (d/e 1) filed by Debtor/Plaintiff Clifton Green ("Green").

### ANSWER

1. Medicredit admits Green is the debtor in the above-captioned case and that he filed his voluntary petition for relief on May 5, 2020 (the "Petition Date") and that his bankruptcy case was converted on June 29, 2021 (the "Conversion Date"). Medicredit admits it is a corporation organized and existing under the laws of the State of Missouri. Medicredit states that whether it "regularly and systematically does business" within this judicial district is a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation. Medicredit admits, however, as further explained below, that it attempted to communicate with

Green, that Green resides in this judicial district, and that those communications give rise to Green's claim against Medicredit in this proceeding. Medicredit denies that it "did business" with Green, but admits that it attempted to communicate with Green, that Green resides in this judicial district, and that those communications give rise to Green's claim against Medicredit in this proceeding. Medicredit admits Green did business with defendant The Healthcare Authority of the City of Huntsville ("HACH"). Medicredit currently lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. Medicredit admits Green scheduled debts owed to Hunstville Hospital and HH Heart Center, LLC, and that those entities are owned by or affiliated with HACH. Medicredit denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Medicredit admits that it called Green and wrote a letter to Green to attempt to collect a debt owed by Green to HACH, and that such calls were not for purely informational purposes. As further explained below, Medicredit denies having notice or actual knowledge of Green's bankruptcy case at the time of those communications. Medicredit denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Medicredit admits Green alleges the Defendants willfully violated the automatic stay and that he seeks compensatory and punitive damages from the Defendants on account of same. Medicredit denies liability to Green and denies all remaining allegations contained in paragraph 4 of the Complaint.

5. Medicredit denies that this proceeding "requests the return of property of the estate," but otherwise admits that it is a core proceeding over which this Court has subject matter jurisdiction. The remaining allegations contained in paragraph 5 of the Complaint, and the

unnumbered paragraph that follows it, are legal conclusions to which no response is required. To the extent a response is required, Medicredit denies liability to Green.

6. Medicredit incorporates each preceding paragraph of its Answer by reference.

7. Medicredit admits the existence of a relationship between HACH as principal and Medicredit as agent. Medicredit currently lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 of the Complaint and therefore denies same.

8. Medicredit admits Green's Schedules E/F listed debts owed to the referenced entities. Medicredit denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Medicredit currently lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 of the Complaint and therefore denies same.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies liability to Green.

11. Medicredit denies it had notice or actual knowledge of this case at the time it attempted to communicate with Green, as further explained below. Medicredit admits it attempted to contact Green by telephone and left voicemails on the dates alleged in an attempt to collect a debt owed to HACH. Medicredit likewise admits sending a letter to Green about the debt and that the quoted language appears therein, but states that the letter is the best evidence of its contents and this paragraph of this Answer is qualified in its entirety by the language of the letter. Medicredit denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Paragraph 12 includes a quotation to the Bankruptcy Code to which no response is required. It also includes an allegation that HACH is liable to Green for violating the automatic

stay, to which no response is required from Medicredit. To the extent a response is required, Medicredit denies liability to Green.

13. Medicredit currently lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint and therefore denies same.

14. Medicredit denies the allegations of paragraph 14 of the Complaint as they pertain to Medicredit. Medicredit currently lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 of the Complaint and therefore denies same.

15. Medicredit denies the allegations of paragraph 15 of the Complaint as they pertain to Medicredit and denies liability to Green.

16. Medicredit currently lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint and therefore denies same.

WHEREFORE, Medicredit, Inc. respectfully requests that the Court enter judgment in its favor and against Debtor/Plaintiff Clifton Green, that the said Debtor/Plaintiff take nothing from Medicredit, Inc. by way of his Complaint, and that the Court enter such other or additional relief as the Court deems just and appropriate.

### AFFIRMATIVE DEFENSES

Now, having answered the Complaint to the best of its present ability, Medicredit states as follows as and for its Affirmative Defenses. Medicredit incorporates its Answer by reference and denies the allegations of the Complaint except as specifically admitted in its Answer.

1. Green's Complaint fails as against Medicredit, in whole or in part, because Medicredit did not have notice or knowledge of Green's bankruptcy case at the time it attempted to communicate with him regarding his debt to HACH:

   a. Medicredit was not scheduled as a creditor and therefore did not receive notice of the order for relief entered by this Court, or any other notice of the bankruptcy case proceedings until being served with the summons and Complaint in this proceeding.

   b. Medicredit was not notified formally or informally of the bankruptcy case by Green or his counsel. Neither Green nor his counsel responded to any of Medicredit's attempts to communicate with Green.

   c. Medicredit was not notified of the bankruptcy case by HACH or any of its affiliates or subsidiaries until after it sent the letter and made the calls subject of Green's Complaint.

   d. Medicredit had no knowledge or notice of this case from any other source at the time it attempted to communicate with Green. HACH informed Medicredit of the bankruptcy case on or about October 1, 2021, at which point Medicredit immediately ceased its attempts to contact Green.

   e. Prior to attempting to communicate with Green, Medicredit followed its standard practices and procedures to "scrub" the file for existing bankruptcy cases. To do so, Medicredit used a vendor, Lexis Nexis, to determine whether the social security number associated with a particular account matched a social security number associated with any bankruptcy cases. In this instance, information furnished to Medicredit by HACH indicated Green's social

security number ended in 1343. His social security number associated with this bankruptcy case ends in 1342. Thus, Medicredit's vendor did not show that there was a bankruptcy case matching Green's social security number on file with Medicredit. Medicredit does not currently know why the social security number furnished by HACH does not match the social security number associated with this case.

    f. Based on the foregoing, Medicredit alleges that it did not have notice or knowledge of this bankruptcy case at the time it attempted to communicate with Green and, consequently, that its violation of the automatic stay was not "willful" as required to entitle Green to relief from Medicredit under section 362(k) of the Bankruptcy Code.

2. An award of punitive damages against Medicredit is not appropriate in this case for the reasons set out above, among others. Medicredit further states that the entry of any such award is subject in all respects to Medicredit's constitutional rights to due process and to be free from excessive fines or punishment.

3. The Complaint fails to state a claim against Medicredit upon which relief can be granted because it does not allege *facts*, as opposed to conclusions, that show or permit the inference that Medicredit's violation of the automatic stay was willful.

Medicredit's investigation into this matter is ongoing. Medicredit therefore reserves its right to supplement or amend its Answer and its Affirmative Defenses as appropriate. In addition, Medicredit reserves its right to seek leave to file cross-claims as may be appropriate following investigation and discovery.

WHEREFORE, Medicredit, Inc. respectfully requests that the Court enter judgment in its favor and against Debtor/Plaintiff Clifton Green, that the said Debtor/Plaintiff take nothing from Medicredit, Inc. by way of his Complaint, and that the Court enter such other or additional relief as the Court deems just and appropriate.

Respectfully submitted this the 14th day of December, 2021.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard IV (ASB-6254-I20V)
*Attorney for Defendant Medicredit, Inc.*

**SPARKMAN SHEPARD, P.C.**
P.O. Box 19045
Huntsville, AL 35804
(256) 512-9924
ty@ssmattorneys.com

### CERTIFICATE OF SERVICE

This is to certify that I have this the 14th day of December, 2021 served the foregoing document upon John C. Larsen, *Attorney for the Plaintiff*, 1733 Winchester Rd. Huntsville, AL 35811, and Andrew M. Townsley, *Attorney for Defendant the Healthcare Authority of the City of Huntsville*, 2101 Clinton Ave. W. Ste. 102, Huntsville AL 35805, by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U.S. Mail, postage prepaid.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard IV